IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANCHOR BANK, FSB,

                                                                   ORDER

                Plaintiff,

                                                                     08-cv-420-bbc

     v.

RESOLUTE/STEP LLC, and
RESOLUTE SOLUTIONS
CORPORATION,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for monetary relief brought under state law, presumably Wisconsin law. Plaintiff alleges that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, but this court has an independent obligation to insure that subject matter jurisdiction exists. Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1237 (2006). Section 1332 requires complete diversity of citizenship, most commonly established when the case is between "citizens of different States." 28 U.S.C. § 1332(a)(1). My review of plaintiff's complaint indicates that plaintiff's complaint does not allege facts sufficient to allow this court to draw the conclusion that the parties are diverse under § 1332.

      First, plaintiff alleges that defendant Resolute Solutions Corporation is a corporation

1

incorporated under the laws of Delaware and that it has a service agent named in Delaware. This is not enough. A corporation is deemed a citizen both of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 741 (7th Cir. 2004). The location of the corporation's service agent is not relevant to establishing diversity jurisdiction. Plaintiff must allege the location of defendant Resolute Solutions Corporation's principal place of business to allow the court to determine whether the parties are diverse.

Next, plaintiff alleges that defendant Resolute/Step, LLC is a limited liability company formed under the laws of the state of Washington and has named a service agent named in Washington. However, "[f]or diversity jurisdiction purposes, the citizenship of [a limited liability company] is the citizenship of each of its members." Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted). Thus, before I can assess whether there is diversity jurisdiction, plaintiff must allege facts detailing the citizenship of each of the members of defendant Resolute/Step, LLC.

Finally, plaintiff alleges that it is a federal savings and loan association with its main office in Madison, Wisconsin. As a general rule, federally chartered corporations may not invoke diversity jurisdiction because they are not understood to be "citizens" of any state under the diversity statute. Lehman Brothers Bank, FSB v. Frank T. Yoder Mortgage, 415

2

F. Supp. 2d 636, 639 (E.D. Va. 2006). "National banking associations" have been carved out of this rule by statute, 28 U.S.C. § 1348, as have other federally chartered corporations for which "the United States is the owner of more than one-half of its capital stock," 28 U.S.C. § 1349. For all other federally chartered corporations, no diversity jurisdiction exists unless its activities are "sufficiently localized so that it may be deemed a citizen of a single state." Lehman Brothers, 415 F. Supp. 2d at 640 (citations omitted). Factors relevant to this determination include "(i) the corporation's principal place of business; (ii) the location of the branch offices; (iii) the volume of business transacted in different states; and (iv) any other evidence that tends to show the local or national nature of the corporation's plans and operations." Id. (internal quotations omitted). The complaint fails to allow an inference that any of these carve-outs apply to plaintiff.

Because it would be a waste of limited judicial resources to proceed further in a case where jurisdiction may not be present, I will give plaintiff until November 4, 2008 in which to submit a supplement to the complaint alleging the locations of the principal places of business of the corporate defendant, the locations of the citizenships for each member of the limited liability company defendant and details regarding the nature of plaintiff's business that will allow the court to determine whether plaintiff is eligible for diversity jurisdiction as a federally chartered corporation. Plaintiff is reminded that, to the extent any member of the limited liability company defendant is an individual person, it is the *citizenship*, not the

3

residency, of individual persons that matters for diversity jurisdiction purposes. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002)..

ORDER

IT IS ORDERED that plaintiff Anchorbank, FSB may have until November 4, 2008 in which to submit a supplement to its complaint alleging the location of the principal place of business of defendant Resolute Solutions Corporation, the location of citizenship of each member of defendant Resolute/Step LLC and the basis for plaintiff's claiming citizenship in a given state despite the fact that it is a federally chartered corporation. Failure to comply with this deadline will result in the dismissal of the case for lack of subject matter jurisdiction.

Entered this 22nd day of October, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge