IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANCHOR BANK, FSB,

                                                                                     OPINION and ORDER

                    Plaintiff,

                                                                                     08-cv-420-bbc

      v.

RESOLUTE/STEP LLC, and
RESOLUTE  SOLUTIONS
CORPORATION,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil case brought pursuant to state law, plaintiff Anchor Bank, FSB alleges that defendants Resolute/Step LLC and Resolute Solutions Corporation defaulted under a business note.  Now before the court is plaintiff's motion for summary judgment on liability and damages.  Plaintiff has adduced facts that it is a citizen of Wisconsin, that defendants Resolute/Step LLC and Resolute Solutions Corporation are citizens of Delaware and Washington and that the amount in controversy exceeds $75,000.  Therefore, jurisdiction is present pursuant to 28 U.S.C. § 1332.

      Defendants concede liability and agree that they owe the principal, interest, late charges and fees and costs related to collection efforts.  The parties' only dispute is what

1

interest rate should be used.  As defendants have pointed out and plaintiff has acknowledged, the note does not support the 14% interest rate plaintiff initially used to calculate its damages.  Section 2 of the note sets forth how interest is to be calculated.  It contains three options, (a), (b) or (c) and states that "only one [of the options] shall apply."  The parties checked box (a), which sets interest at a fixed rate of 10%.  Under section 2, a different interest rate applies to "unpaid principal and interest."  That rate is "the rate which would otherwise be applicable under 2(b) above plus 4 percentage points."  There is no box checked in 2(b) and no stated rates set forth in 2(b).

     A plain reading of this language would require that the interest rate be calculated at 4%.  Plaintiff acknowledges this, but asks the court to set the rate at 10%, the rate defendant was paying before default, because it would not be reasonable to allow defendant a *reduction* in interest upon default.  Unreasonable or not, it was the agreement made by the parties.  Plaintiff states that "it appears that [plaintiff] may have committed a scrivener's error with respect to the applicable default interest rate."  However, the fact that plaintiff made a mistake when drafting the contract is not enough to warrant reforming the language of a contract.  Reformation in this setting is warranted only if there has been "mutual mistake of the parties" in that both parties "intended to make a different instrument" and "agreed on facts different than those set forth in the instrument."  Newmister v. Carmichael, 29 Wis. 2d 573, 577, 139 N.W.2d 572, 574 (1966).  One party's mistake is not enough.

Plaintiff's motion for summary judgment will be granted, but using the 4% interest rate to calculate plaintiff's damages because the note sets the default interest rate at 4%. According to plaintiff's calculations, which defendants do not dispute, the total due using the 4% interest rate is $1,423,227.68, with interest continuing to accrue at a rate of $149.81 a day.

ORDER

IT IS ORDERED that plaintiff Anchorbank, FSB's motion for summary judgment, dkt. #19, is GRANTED. Defendants Resolute/Step LLC and Resolute Solutions Corporation, jointly and severally, are to pay plaintiff Anchorbank, FSB the amount of $1,423,227.68, plus interest accruing at a rate of $149.81 a day. The clerk is directed to enter judgment in conformance with this order and close this case.

Entered this 27th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge